Charles P. Maher, State Bar No. 124748
LUCE, FORWARD, HAMILTON & SCRIPPS LLP
Rincon Center II, 121 Spear Street, Suite 200
San Francisco, California 94105-1582
Telephone No.: 415.356.4600
Fax No.: 415.356.3894
E-mail: cmaher@luce.com

Proposed Counsel for Andrea A. Wirum
Trustee in Bankruptcy

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

In re GEORGE FREDERICK HAUSER dba HAUSER ARCHITECTS,

Debtor.

Case No. 09-32053 TEC
Chapter 7

### DECLARATION OF PROPOSED COUNSEL

I, Charles P. Maher, declare as follows:

1. I am an attorney at the law firm of Luce, Forward, Hamilton & Scripps, LLP ("LFH&S").

2. LFH&S is a large firm that has been serving the California community for many years. As is common in a large firm that has represented thousands of clients over the years, LFH&S has represented clients who may have some connection to parties involved in a case. At my direction, LFH&S has performed a search in its computerized conflict resolution system for all debtors, creditors and parties in interest, as disclosed in the Schedules and Statement of Affairs filed in this case.

3. Based on my review, I am informed and believe that, other than as identified in subparagraph 5 below, there are no conflicts or other connections between LFH&S and debtors, creditors or parties in interest, or their attorneys or accountants, or the United States Trustee or any person employed in the Office of the United States Trustee. Further, I am not aware of any other

Case: 09-32053 Doc# 21-1 Filed: 08/25/09 Entered: 08/25/09 16:25:49 Page 1 of 3
301148754.1

connections between my firm or its attorney or employees with the debtor or the other parties identified in the previous sentence.

4. The Debtor's Schedule F comprises 185 pages with more than 1,100 "creditors" identified. The vast majority of these "creditors" have debts of $0. It appears to me that the Debtor listed virtually every person or entity with which he did business over the last several years. For example, I noted two entities that filed Chapter 7 petitions years ago (Maccon Masonry Materials and PDM Steel). I represented the trustees in those cases, and know that they have been out of business for more than four years.

5. At my instruction, my firm has performed a conflict search but has excluded from the search those "creditors" the Debtor has identified as being owed no money. The search shows the following contacts:

(a) <u>Bank of America/MBNA</u>. The Debtor disclosed disputed unsecured debt in favor of Bank of America Visa in the amount of $26,931. The Debtor disclosed a disputed unsecured debt in favor of MBNA America in the amount of $47,739. MBNA is owned by Bank of America. The firm represents Bank of America in matters unrelated to the Debtor, mostly in probate proceedings in which the Bank serves as administrator or trustee.

(b) <u>Washington Mutual/Chase</u>. The Debtor disclosed disputed unsecured debt in favor of Chase Visa and Chase/United Mileage Plus in the approximate aggregate amount of $27,732. The Debtor disclosed disputed general unsecured debt in favor of "Washington Mutual (Citibank)" in the amount of $470,285. The reference to Citibank appears to be an error. Washington Mutual is now owned by JP Morgan Chase. The firm represents JP Morgan Chase (and previously represented Washington Mutual) in connection with matters unrelated to the above Debtor.

(c) <u>Wachovia/Wells Fargo Bank</u>. The Debtor disclosed undisputed secured debt in the aggregate amount of $2.9 million secured by first priority deeds of trust against the real property commonly known as 313 Eureka Street, 313A Eureka Street, and 990 Guerrero Street in San Francisco. Wells Fargo acquired Wachovia. The firm represents Wells Fargo Bank in matters unrelated to the above Debtor. The Debtor asserts that the real property collateral is over-

encumbered; if correct, it may be abandoned by the Trustee.

(d) <u>Chinatrust Bank</u>. The Debtor disclosed disputed general unsecured "business debt" in favor of Chinatrust Bank in the approximate aggregate amount of $5,547,000. The firm represents Chinatrust Bank in matters unrelated to the Debtor. The "business debt" appears to be related to loans to three limited liability companies owned or controlled by the Debtor (120 11th, LLC; 216 11th, LLC; and 224 11th, LLC) that the Debtor may have guarantied.

(e) <u>Kaiser Foundation Health Plan</u>. The statement of financial affairs discloses four prepetition transfers to Kaiser for health insurance. The firm represents Kaiser Foundation Health Plan primarily in land use matters and other real estate matters unrelated to the above Debtor.

(f) <u>East West Bank</u>. The firm had dealings with the Debtor in connection with a loan application from 52 Rausch Street, LLC, and possibly the Debtor personally. The firm represented East West Bank. The loan was not made.

6. If the Trustee determines that action must be taken that is adverse to the above entities, the Trustee will undertake the action herself or will employ special counsel for that purpose.

7. Based on my review, I believe LFH&S is a disinterested person and holds no interest adverse to the estate.

8. LFH&S has not agreed to share any of the compensation it receives in this case with any person other than to share this compensation among its partners and employees.

I declare under penalty of perjury that the above statements are true and with respect to those matters stated on information and belief, I believe them to be true. This Declaration was executed in San Francisco, California on August 25, 2009.

_____
Charles P. Maher