SEYFARTH SHAW LLP
David M. Wiseblood (SBN 115312)
Email: dwiseblood@seyfarth.com
Claire E. Shin (SBN 249492)
Email: cshin@seyfarth.com
560 Mission Street, Suite 3100
San Francisco, California 94105
Telephone: (415) 397-2823
Facsimile: (415) 397-8549

Attorneys for Movant
WACHOVIA SBA LENDING, INC.

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>GEORGE F. HAUSER dba HAUSER ARCHITECTS,<br><br>    Debtor. | Case No. 09-32053<br><br>Chapter 7<br><br>**WACHOVIA'S MOTION (1) FOR DETERMINATION THAT THE AUTOMATIC STAY DOES NOT APPLY; OR IN THE ALTERNATIVE, (2) FOR RELIEF FROM STAY**<br><br>Date: October 5, 2009<br>Time: 1:00 p.m.<br>Place: Courtroom 23<br>       235 Pine Street, 19th Floor<br>       San Francisco, CA 94104<br><br>*[The Honorable Thomas E. Carlson]* |

**TO THE UNITED STATES BANKRUPTCY JUDGE, THE DEBTOR, AND OTHER PARTIES-IN-INTEREST:**

**PLEASE TAKE NOTICE** that the moving party Wachovia SBA Lending, Inc., now part of Wells Fargo Bank (the "Bank"), hereby moves the Court for an order determining that the automatic stay does not apply to the Bank's pending or proposed non-judicial foreclosure on certain real property owned by non-debtor third parties, in which the Bank holds security

---
MOTION FOR RELIEF FROM STAY      1
SF1 28368923.1 / 99999-000170

interest. In the alternative, if the Court determines that the automatic stay does apply to any portion of that proceeding, the Bank respectfully requests that the Court grant relief from the stay so that the Bank can proceed to exercise its rights and remedies with respect to its real property collateral.

This Motion is brought under applicable provisions of the United States Bankruptcy Code ("Bankruptcy Code") including 11 U.S.C. §§ 105(a) and 362(d), Federal Rules of Bankruptcy Procedure 4001 and 9014, Bankruptcy Local Rules 4001-1 and 9013-1, 2 and 3.

The Motion is based on this Motion, the accompanying Notice of Hearing on Motion, Memorandum of Points and Authorities in support thereof, Declaration of James Costello in support thereof, all pleadings and records on file in this case, and any additional evidence and arguments presented at the hearing and upon such other oral and documentary evidence as the Court may admit or take notice of at the hearing of the Motion.

The property at issue is a commercial office building located in Oakland, California, commonly known as 5132 Telegraph Avenue, Oakland, California 94609 (the "Telegraph Property" or the "Property"). The Property is currently owned by three California limited liability companies and an individual. The Debtor has membership interests in two of the three limited liability companies that own the Property, and with the individual owner, has an unperformed purchase agreement to buy the Property. The Debtor, however, holds no legal or equitable title or right in or to the Property, other than his right to purchase the Property under the purchase agreement.

The automatic stay does not apply to the Bank's proposed foreclosure sale because the foreclosure proceeding is *not* against the Debtor or the Debtor's property and is *not* an attempt to exercise control over property of the estate. Since Ninth Circuit authority is clear that the automatic stay does not extend to nondebtor persons/entities or the assets of nondebtor persons/entities, the Bank can proceed in all aspects and seek all remedies against the Property owned only by nondebtor parties. Also, the proceeding (foreclosure sale) is not an act to obtain possession of or control over property of the estate. Although the Debtor is a member of the

nondebtor limited liability companies, and has an executory purchase contract, the Debtor does not, and did at no time, own the Property or hold direct interest in the Property. The foreclosure is not an attempt to gain possession of or control over the Debtor's membership interests, or his contractual right to purchase the Property. Thus, the automatic stay does not preclude the foreclosure proceeding.

If relief is required, however, relief from the stay is appropriate because substantial cause exists under Bankruptcy Code section 362(d)(1). The Debtor's estate is unable to assume and perform the contractual duties under the purchase agreement, while it holds no legal or equitable interest or right in or to the Property. Neither has the chapter 7 trustee appointed in this case sought to assume to the contract. There is simply no purpose that would be served by keeping the stay in effect, if the stay applies at all.

Based on all of the above, Wachovia SBA Lending, Inc. respectfully request that the Court issue an order determining that the automatic stay does not apply to the Bank's non-judicial foreclosure on the Telegraph Property, or alternatively, if the automatic stay does apply in any respect, granting relief from stay pursuant to 11 U.S.C. § 362(d)(1).

DATED: September 18, 2009                SEYFARTH SHAW LLP


By____/s/ Claire E. Shin_____

Attorneys for Movant
WACHOVIA SBA LENDING, INC.

MOTION FOR RELIEF FROM STAY                 3
SF1 28368923.1 / 99999-000170