SEYFARTH SHAW LLP
David M. Wiseblood (SBN 115312)
Email: dwiseblood@seyfarth.com
Claire E. Shin (SBN 249492)
Email: cshin@seyfarth.com
560 Mission Street, Suite 3100
San Francisco, California 94105
Telephone: (415) 397-2823
Facsimile: (415) 397-8549

Attorneys for Movant
WACHOVIA SBA LENDING, INC.

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

In re

GEORGE F. HAUSER dba HAUSER ARCHITECTS,
Debtor.

Case No. 09-32053

Chapter 7

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF WACHOVIA'S MOTION (1) FOR DETERMINATION THAT THE AUTOMATIC STAY DOES NOT APPLY; OR IN THE ALTERNATIVE, (2) FOR RELIEF FROM STAY**

Date: October 5, 2009
Time: 1:00 p.m.
Place: Courtroom 23
235 Pine Street, 19th Floor
San Francisco, CA 94104

*[The Honorable Thomas E. Carlson]*



Case: 09-32053 Doc# 27-1 Filed: 09/18/09 Entered: 09/18/09 14:43:02 Page 1 of 18

# TABLE OF CONTENTS


**Page**

I. INTRODUCTION ..... 6

II. JURISDICTION AND VENUE ..... 7

III. STATEMENT OF FACTS ..... 7

A. The Bank's Security Interest in the Property ..... 7

B. The Borrowers' Defaults and the Bank's Proposed Non-Judicial Foreclosure on the Property ..... 8

C. The Debtor's Unperformed Purchase Agreement with Jun ..... 8

D. Jun's Conveyance of Title to the Property to Nondebtor Entities ..... 9

E. The Bank Holds No Claim Against the Debtor ..... 9

IV. ARGUMENT ..... 10

A. The Automatic Stay Does Not Apply to the Proposed Non-Judicial Foreclosure. ..... 10

1. The Nondebtor Entities Are Not the Debtor; Thus, the Bank's Foreclosure Proceeding is Not Against the Debtor or the Debtor's Property ..... 10

2. The Proposed Non-Judicial Foreclosure Is Not an Action to Obtain Possession of or Control over Property of the Estate ..... 11

3. Even If the Debtor's Executory Contract Constitutes Property of the Estate, the Proposed Non-judicial Foreclosure is Not an Act Against the Contract and Only Incidentally Affects the Contract. ..... 13

B. In the Alternative, Relief From Stay Should Be Granted for Cause ..... 15

1. The Estate's Inability to Assume and Perform the Agreement Constitutes Cause to Grant the Bank Relief the Automatic Stay ..... 16

C. The Court Should Waive the Ten-Day Stay Provided in Bankruptcy Rule 4001(a)(3) ..... 17

V. CONCLUSION ..... 18



SEYFARTH SHAW LLP
560 Mission Street, Suite 3100
San Francisco, California 94105





Case: 09-32053 Doc# 27-1 Filed: 09/18/09 Entered: 09/18/09 14:43:02 Page 2 of 18

## TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Advanced Ribbons & Office Prods. v. U.S. Interstate Distrib.*, 125 B.R. 259 (B.A.P. 9th Cir. 1991) ....................11

*Baldino v. Wilson*, 116 F.3d 87 (3d Cir. 1997) ....................16

*Chugach Timber Corp. v. Northern Stevedoring & Handling Corp. (In re Chugach Forest Products, Inc.)*, 23 F.3d 241 (9th Cir. 1994) ....................10, 13, 14, 15

*In re Aboussie Bros. Const. Co.*, 8 B.R. 302 (E.D. Mo. 1981) ....................12

*In re Acorn Investments*, 8 B.R. 506 (Bankr. S.D. Cal. 1981) ....................16, 17

*In re Bank Ctr., Ltd.*, 15 B.R. 64 (Bankr. W.D. Pa. 1981) ....................12

*In re Cardinal Indus., Inc.*, 109 B.R. 748 (Bankr. S.D. Ohio 1989) ....................12

*In re Computer Communications, Inc.*, 824 F.2d 725 (9th Cir. 1987) ....................13

*In re Gauvin*, 24 B.R. 578 (B.A.P. 9th Cir. 1982) ....................16

*In re the Leisure Corp.*, 234 B.R. 916 (B.A.P. 9th Cir. 1999) ....................16

*In re Loughnane*, 28 B.R. 940 (Bankr. D. Colo. 1983) ....................12

*In re Mac Donald*, 755 F.2d 715 (9th Cir. 1985) ....................16

*In re Mazzeo*, 167 F.3d 139 (2nd Cir. 1999) ....................16

*In re Sonnax Indus.*, 907 F.2d 1280 (2d Cir. 1990) ....................16

SEYFARTH SHAW LLP
560 Mission Street, Suite 3100
San Francisco, California 94105

*In re Stivers*,
31 B.R. 735 (Bankr. N.D. Cal. 1983) ........ 11

*In re Venture Properties, Inc.*,
37 B.R. 175 (Bankr. D.N.H. 1984) ........ 12

*Nevada National Bank v. Casgul Of Nevada, Inc.*
(*In Re Casgul Of Nevada, Inc.*), 22 B.R. 65 (B.A.P. 9th Cir. 1982) ........ 10

*Otto Preminger Films, Ltd. v. Qintex Entertainment, Inc.*
(*In re Qintex Entertainment, Inc.*), 950 F.2d 1492 (9th Cir. 1991) ........ 13

*Park West Real Estate Corp. v. Calvert*
(*In re Calvert*), 135 B.R. 398 (Bankr. S.D. Cal. 1991) ........ 14, 15

*Seiko Epson Corp. v. Nu-Kote Intern., Inc.*,
190 F.3d 1360 (Fed. Cir. 1999) ........ 10

*Teachers Ins. & Annuity Ass'n of America v. Butler*,
803 F.2d 61 (2nd Cir. 1986) ........ 12

*Trident Assocs. V. Metropolitan Life Ins. Co.*,
52 F.3d 127 (6th Cir. 1995) ........ 16

**FEDERAL STATUTES**

11 U.S.C. § 362(a)(2009) ........ 10, 14, 15

11 U.S.C. § 362(g)(2) ........ 16

11 U.S.C. § 541(a)(1) ........ 11

28 U.S.C. § 157(b)(2) ........ 7

28 U.S.C. § 1334 ........ 7

28 U.S.C. § 1408 ........ 7

28 U.S.C. § 1409 ........ 7

Bankruptcy Code § 105(a) ........ 7

Bankruptcy Code § 362 ........ 10, 11

Bankruptcy Code § 362(d) ........ 7, 15

Bankruptcy Code § 362(d)(1) ........ 7, 15, 16, 18

Bankruptcy Code § 365 ........ 16

SEYFARTH SHAW LLP
560 Mission Street, Suite 3100
San Francisco, California 94105



Case: 09-32053 Doc# 27-1 Filed: 09/18/09 Entered: 09/18/09 14:43:02 Page 4 of 18

Bankruptcy Code § 541 ....................11, 12

**RULES**

Fed. R. Bankr. 4001(a)....................16

Fed. R. Bankr. 4001(a)(1)....................17

Fed. R. Bankr 4001(a)(3)....................17

Fed. R. Bankr. P., ¶ 1....................17

SEYFARTH SHAW LLP
560 Mission Street, Suite 3100
San Francisco, California 94105



Case: 09-32053 Doc# 27-1 Filed: 09/18/09 Entered: 09/18/09 14:43:02 Page 5 of 18

## MEMORANDUM OF POINTS AND AUTHORITIES

Wachovia SBA Lending, Inc. (the "Bank"), whose real property collateral may have been implicated in this bankruptcy case, submits this Memorandum of Points and Authorities in support of its Motion (1) for Determination that the Automatic Stay Does Not Apply; or in the Alternative, (2) for Relief from the Automatic Stay (the "Motion").

## I. INTRODUCTION

Wachovia SBA Lending, Inc. seeks a determination by this Court that the automatic stay does not apply to the Bank's pending or proposed non-judicial foreclosure on certain real property owned by non-debtor third parties, in which the Bank holds security interest. In the alternative, if the Court determines that the automatic stay does apply to any portion of that proceeding, the Bank respectfully requests that the Court grant relief from the stay so that the Bank can proceed to exercise its rights and remedies with respect to its real property collateral.

The property at issue is a commercial office building located in Oakland, California, commonly known as 5132 Telegraph Avenue, Oakland, California 94609 (the "Telegraph Property" or the "Property"). The Property is currently owned by three California limited liability companies and an individual. The Debtor has membership interests in two of the three limited liability companies that own the Property, and with the individual owner, has an unperformed purchase agreement to buy the Property. The Debtor, however, holds no legal or equitable title or right in or to the Property, other than his right to purchase the Property under the purchase agreement.

The automatic stay does not apply to the Bank's proposed foreclosure sale because the it is ***not*** against the Debtor or the Debtor's property and is ***not*** an attempt to exercise control over property of the estate. Since Ninth Circuit authority is clear that the automatic stay does not extend to nondebtor persons/entities or the assets of nondebtor persons/entities, the Bank can proceed in all aspects and seek all remedies against the Property some part of interest of which some nondebtor entities own. Also, the proceeding (foreclosure sale) is not an act to obtain possession of or control over property of the estate. Although the Debtor is a member of the nondebtor limited liability companies, and has an executory purchase contract, the Debtor does

SEYFARTH SHAW LLP
560 Mission Street, Suite 3100
San Francisco, California 94105

not, and did at no time, own the Property or hold direct interest in the Property. The foreclosure is not an attempt to gain possession of or control over the Debtor's membership interests, or his contractual right to purchase the Property. Thus, the automatic stay does not preclude the foreclosure proceeding.

If relief is required, however, relief from the stay is appropriate because substantial cause exists under Bankruptcy Code section 362(d)(1) to grant the Bank' Motion. The Debtor's estate is unable to assume and perform the contractual duties under the purchase agreement, while it holds no legal or equitable interest or right in or to the Property. Neither has the chapter 7 trustee appointed to administer the estate in this case (the "Trustee") sought to assume to the contract. There is simply no purpose that would be served by keeping the stay in effect, if the stay applies at all.

SEYFARTH SHAW LLP
560 Mission Street, Suite 3100
San Francisco, California 94105

## II. JURISDICTION AND VENUE

This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of this matter is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory bases for the relief sought herein are sections 105(a) and 362(d) of the Bankruptcy Code.

## III. STATEMENT OF FACTS

The following facts are set forth with appropriate evidentiary detail in the accompanying Declaration of the Bank's responsible officer, Jim Costello (the "Costello Decl.").

### A. The Bank's Security Interest in the Property

On December 3, 2003, the Bank made a small-business loan in the amount of $2 million (the "Loan") to two individuals named Daniel S. Jun ("Jun") and Young O. Kim ("Kim"). On the same date, Jun and Kim purchased the Property using the Loan proceeds. Also, on the same date, Jun and Kim made, executed and delivered to the Bank their promissory note in the original principal amount of $2 million ("Note"), and to secure their obligations under the Note, made, executed and delivered to the Bank a deed of trust on the Property (the "Deed of Trust"). The Note and the Deed of Trust were duly recorded with the Alameda County Recorder's Office on December 12, 2003.


Case: 09-32053 Doc# 27-1 Filed: 09/18/09 Entered: 09/18/09 14:43:02 Page 7 of 18

### B. The Borrowers' Defaults and the Bank's Proposed Non-Judicial Foreclosure on the Property

Beginning in December of 2008, Jun and Kim failed to make the required monthly mortgage payments under the Loan, which caused the Bank to send them a notice of default on March 23, 2009 (recorded March 24, 2009). Jun and Kim failed to cure their defaults, and to this date, continue to fail to make any payments on the Loan. Currently, their obligations under the Loan exceed $1.8 million. Also, the Property is encumbered by various junior lien-holders' and government's liens, including the lien of defaulted taxes for the fiscal year 2007-2008 and subsequent delinquencies, federal tax liens, and a lien in favor of the State of California, Department of Employment.

Due to Jun and Kim's continued, uncured defaults under their Loan, the Bank planned to commence a non-judicial foreclosure on the Property in or about July of 2009.

### C. The Debtor's Unperformed Purchase Agreement with Jun

On September 30, 2005, Kim conveyed her interest in the Property to Jun, and Jun thereafter became the sole owner of the Property. On May 24, 2007, Jun informed the Bank over the telephone that he had entered into some sort of an agreement with a third party developer, who later turned out to be the debtor in this bankruptcy case George F. Hauser (the "Debtor"), to develop the Property into a condominium complex. Jun represented that this plan was subject to the city's approval, and financing, and provided some escrow account information, but did not provide any more details on this matter.

The Bank learned much later that Jun and the Debtor memorialized their agreement on August 31, 2007, and recorded their Memorandum of Agreement (the "Agreement") on September 21, 2007. In essence, Jun agreed to sell the Property to the Debtor, and the Debtor agreed to purchase the Property from Jun. The Bank is informed and believes and thereon alleges, that this Agreement, however, remains substantially unperformed by both the Debtor and Jun. There is no evidence that the Debtor made any payment toward the purchase. Also, Jun has not conveyed any title or granted any interest in and to the Property to the Debtor. Therefore, the

SEYFARTH SHAW LLP
560 Mission Street, Suite 3100
San Francisco, California 94105



Case: 09-32053 Doc# 27-1 Filed: 09/18/09 Entered: 09/18/09 14:43:02 Page 8 of 18

Debtor currently does not own any part of the Property, or hold any legal or equitable title or interest whatsoever in or to the Property.[1]

**D. Jun's Conveyance of Title to the Property to Nondebtor Entities**

On December 12, 2008, for some unexplained reason, Jun conveyed a 60% fee interest in and to the Property to three California limited liability companies: 5132 Telegraph LLC, 60 Rausch LLC, and Reichert Telegraph LLC (the "Nondebtor Entities"). As a result of the conveyance, Jun currently holds title to an undivided 40% interest in the Property, and the Nondebtor Entities jointly hold title to 60% interest in the Property.

The Bank did not know about this transfer or conveyance of title, and did not consent to the transfer. The Deed of Trust provides that the Bank may declare immediately due and payable all sums secured by the Deed of Trust upon the sale or transfer, without the Bank's prior written consent, of all or any part of the Property, or any interest in the Property. This transfer made without the Bank's knowledge or consent, triggered another event of default under the Loan.

According to the Debtor's Bankruptcy Schedules and Statement of Financial Affairs, the Debtor holds membership interests in two of those three Nondebtor Entities: 5132 Telegraph LLC and 60 Rausch LLC. The Debtor has scheduled these two Nondebtor Entities as creditors holding contingent, unliquidated, disputed, unsecured, nonpriority claims against him.

**E. The Bank Holds No Claim Against the Debtor**

Curiously, the Debtor has listed on his Bankruptcy Schedules that he is jointly liable with Jun, Kim and their business partnership, Global Entertainment GP, for all the indebtedness secured by the Property, including the obligation under the Loan to Wachovia SBA Lending, Inc.[2] However, the Bank holds no claim against the Debtor. The Bank has never been engaged in any transaction with the Debtor under which the Debtor would or may be liable to the Bank for any part of the indebtedness secured by the Property.

---

[1] This is consistent with the Debtor's disclosure made in his Bankruptcy Schedules. The Debtor did not schedule any legal or equitable interest in the Property in Schedule A (Real Property).

[2] The Debtor scheduled these obligations as "business debt[s]," and not as secured debts, under the Bankruptcy Schedule F – Creditors Holding Unsecured Nonpriority Claims.

SEYFARTH SHAW LLP
560 Mission Street, Suite 3100
San Francisco, California 94105



Case: 09-32053 Doc# 27-1 Filed: 09/18/09 Entered: 09/18/09 14:43:02 Page 9 of 18

## IV. ARGUMENT

### A. The Automatic Stay Does Not Apply to the Proposed Non-Judicial Foreclosure

The automatic stay does not preclude the proposed non-judicial foreclosure. Bankruptcy Code Section 362 bars, *inter alia*, "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate…" and "any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case…." 11 U.S.C. § 362(a)(2009). Here, however, the Debtor or the estate does not own or have any interest in the Property, and as such, the Telegraph Property is not property of the Debtor or property of the estate. Therefore, the Bank is ***not*** seeking to enforce a lien against the Debtor's property and is ***not*** acting to obtain possession of or control over property of the estate.

#### 1. The Nondebtor Entities Are Not the Debtor; Thus, the Bank's Foreclosure Proceeding is Not Against the Debtor or the Debtor's Property

It is well-established that the automatic stay does not extend to a nondebtor party. "As a general rule, [t]he automatic stay of section 362(a) protects only the debtor, property of the debtor or property of the estate. It does not protect non-debtor parties or their property." *Chugach Timber Corp. v. Northern Stevedoring & Handling Corp.* (*In re Chugach Forest Products, Inc.*), 23 F.3d 241, 246 (9th Cir. 1994) (internal quotations omitted). "An automatic stay is created by section 362(a) for benefit of the debtor…. We are unable to find any provision in section 362 that creates a stay in favor of any entity other than the debtor or that protects property other than that of the debtor or trustee (i.e., estate property)." *Nevada National Bank v. Casgul Of Nevada, Inc.* (*In Re Casgul Of Nevada, Inc.*), 22 B.R. 65, 66 (B.A.P. 9th Cir. 1982); *see also Seiko Epson Corp. v. Nu-Kote Intern., Inc.*, 190 F.3d 1360, 1364 (Fed. Cir. 1999) ("It is clearly established that the automatic stay does not apply to non-bankrupt co-defendants of a debtor even if they are in a similar legal or factual nexus with the debtor.") (internal quotations omitted).

SEYFARTH SHAW LLP
560 Mission Street, Suite 3100
San Francisco, California 94105



Case: 09-32053 Doc# 27-1 Filed: 09/18/09 Entered: 09/18/09 14:43:02 Page 10 of 18

For example, in *Advanced Ribbons & Office Prods. v. U.S. Interstate Distrib.* (*In re Advanced Ribbons & Office Prods.*), 125 B.R. 259 (B.A.P. 9th Cir. 1991), the corporate debtor's sole shareholder pledged his stock in the corporation as security for the corporation's debt (*i.e.*, the debtor's shareholder was acting as a guarantor). Upon the corporation's default under its note obligations, the secured party initiated a foreclosure sale on that stock. The sale occurred post-petition and the debtor moved to void the foreclosure sale as violating the automatic stay because the sale amounted to an act to collect a pre-petition claim against the debtor. The bankruptcy court held that the sale of stock owned by the debtor's shareholder did not violate the stay because the automatic stay only protects the debtor or property of the estate, and does not protect nondebtor parties or their property. *Id.* at 263-67. Although the stock guaranteed a debt of the corporation, the foreclosure action itself was against property of the debtor's shareholder, a nondebtor party. Thus, the automatic stay did not apply.

Because section 362 does not stay actions against nondebtor parties, guarantors, sureties, corporation affiliates and/or their property, the Bank is, therefore, permitted to proceed against the Property, 60% interest of which is owned the Nondebtor Entities. *See id.*; *see also In re Stivers*, 31 B.R. 735 (Bankr. N.D. Cal. 1983) ("Other parties affected by the stay are afforded no substantive or procedural rights under these provisions of the Bankruptcy Code.").

### 2. The Proposed Non-Judicial Foreclosure Is Not an Action to Obtain Possession of or Control over Property of the Estate

The Bank is not taking an action to obtain possession of or control over property of the estate, because the Telegraph Property is not property of the estate. Bankruptcy Section 541 provides that only "legal or equitable interests of the debtor in property as of the commencement of the case" become property of the estate. 11 U.S.C. § 541(a)(1). Here, the Debtor did not have any "legal or equitable interest" in the Property as of the commencement of the case.

Property of the estate does not include the assets of a corporation, partnership, or limited liability company, if the debtor is merely a shareholder of the corporation, general partner of the partnership or a member of the limited liability company. For instance, several courts have held that a general partner does not have a sufficient interest in the assets of the partnership for that

SEYFARTH SHAW LLP
560 Mission Street, Suite 3100
San Francisco, California 94105



Case: 09-32053 Doc# 27-1 Filed: 09/18/09 Entered: 09/18/09 14:43:02 Page 11 of 18

"interest" to constitute property of the estate. *See*, *e.g.*, *In re Venture Properties, Inc.*, 37 B.R. 175 (Bankr. D.N.H. 1984). Where the partnership has filed for bankruptcy, the automatic stay does not bar actions against the partners. *Teachers Ins. & Annuity Ass'n of America v. Butler*, 803 F.2d 61, 65 (2nd Cir. 1986); *In re Bank Ctr., Ltd.*, 15 B.R. 64, 65-66 (Bankr. W.D. Pa. 1981); *In re Aboussie Bros. Const. Co.*, 8 B.R. 302, 303-04 (E.D. Mo. 1981). Similarly, when a partner files for bankruptcy, the stay does not protect the partnership or assets of the partnership. *See In re Cardinal Indus., Inc.*, 109 B.R. 748, 751 (Bankr. S.D. Ohio 1989).

In *Venture Properties*, the debtor was a general partner in a partnership which owned real property. *In re Venture Properties, Inc.*, 37 B.R. at 176. When the partnership attempted to dispose of the real property, the debtor, a general partner, sought to enjoin the sale as violating the automatic stay. The court held that the debtor had an interest in the partnership, but not in the assets of the partnership. The court stated:

> [The Debtor's] status as a general partner in the [ ] limited partnership gave it an obvious reason to be concerned as to the disposition of any assets of the [limited partnership,] ***but this 'interest' does not amount to a 'legal or equitable interest in property' within the meaning of § 541....***

*Id.* (emphasis added).

In *Loughnane*, the debtor, an individual, was the sole shareholder of a corporation. *In re Loughnane*, 28 B.R. 940 (Bankr. D. Colo. 1983). Notwithstanding the debtor's individual bankruptcy, the Internal Revenue Service continued its proceedings against property of the nondebtor corporation. The debtor attempted to stay those proceedings, claiming that the corporate assets were property of the estate. But the *Loughnane* court found that the property of the bankruptcy estate "extend[ed] only to intangible personal property rights represented by the stock certificates" and that the "corporate entity [was] not property of the estate." *Id.*

Here, the only interests the Debtor may have had as of the commencement of the case, besides his right to purchase the Property, are his membership interests in some of the Nondebtor Entities. The Debtor has or had no interest in the assets of the Nondebtor Entities, including their 60% ownership interest in and to the Property. Like the interests of a general partner or shareholder, the Debtor's interest does not extend to the assets of the Nondebtor Entities. As


Case: 09-32053 Doc# 27-1 Filed: 09/18/09 Entered: 09/18/09 14:43:02 Page 12 of 18
SEYFARTH SHAW LLP
560 Mission Street, Suite 3100
San Francisco, California 94105

such, the automatic stay does not stay proceedings against the Nondebtor Entities, their assets or their interest in the Property. So, whatever actions taken against the Property are irrelevant for the purposes of the automatic stay because the automatic stay only applies to property of the estate.

**3. Even If the Debtor's Executory Contract Constitutes Property of the Estate, the Proposed Non-judicial Foreclosure is Not an Act Against the Contract and Only Incidentally Affects the Contract.**

The Debtor's unperformed Agreement with Jun to purchase the Property constitutes an executory contract,[3] because material performance (i.e., Jun's selling and conveying title to the Debtor and the Debtor's purchasing and paying the purchase price) remains due on both the Debtor and Jun. *Otto Preminger Films, Ltd. v. Qintex Entertainment, Inc.* (*In re Qintex Entertainment, Inc.*), 950 F.2d 1492, 1495 (9th Cir. 1991)(internal citation omitted). Although an executory contract does not constitute property of the estate until it is assumed, the estate's rights under the executory contract may constitute property of the estate. *See id.*

However, even if the Agreement is assumed as property of the estate, the Bank's proposed non-judicial foreclosure is not an action directly against the Agreement, such as a breach, rescission or termination of the contract, and therefore, is not an act to gain control over property of the estate. *See In re Computer Communications, Inc.*, 824 F.2d 725, 728-31 (9th Cir. 1987). In fact, the Bank lacks any standing or power to take such action because it is not a party to the Agreement. The Bank's exercise of its rights and remedies with respect to the Property only incidentally implicates the estate's established or asserted contractual right to purchase the Property under the Agreement. As such, the automatic stay does not preclude the Bank's foreclosure on the Property.

In *Chugach Forest Products, Inc.*, the debtor (a timber company), hired Northern Stevedoring & Handling Corporation ("Stevedore") pre-petition to load lumber onto a vessel for shipment. *Chugach Forest Products, Inc.*, 23 F.3d at 242 (9th Cir. 1994). As a result, Stevedore obtained a maritime lien on the vessel. The debtor then filed bankruptcy without paying Stevedore. Post-petition, the debtor again hired Stevedore to load lumber onto the same vessel

[3] The Debtor, however, did not schedule the Agreement in his Bankruptcy Schedules.

SEYFARTH SHAW LLP
560 Mission Street, Suite 3100
San Francisco, California 94105


Case: 09-32053 Doc# 27-1 Filed: 09/18/09 Entered: 09/18/09 14:43:02 Page 13 of 18

on which Stevedore already had a lien. Meanwhile, Stevedore filed an *in rem* complaint against the vessel (not the debtor) to enforce its lien, and had the vessel loaded with the debtor's lumber when a marshal seized the vessel so that Stevedore could foreclose on the vessel. The debtor cried foul, arguing that Stevedore's foreclosure on the vessel violated the automatic stay because the vessel contained the estate property (the debtor's logs and lumber). But he court disagreed, finding that Section 362(a) "d[id] not apply to such an indirect exercise of control." *Id.* at 244-45. "Such incidental effect is insufficient to trigger the stay…" *Id.* at 245. The court noted "that the foreclosure action was directed against the ship (rather than against property of the debtor's estate)..." *Id.*

Similarly, actions of or against a nondebtor entity are not stayed simply because the actions "may have an effect on the value of [property of] the estate[]." *See Park West Real Estate Corp. v. Calvert* (*In re Calvert*), 135 B.R. 398, 400 (Bankr. S.D. Cal. 1991). In *Calvert*, the debtor was a 50% shareholder of a nondebtor corporation. Due to a corporate deadlock, the other 50% shareholder (acting through the nondebtor corporation) decided to accept additional corporate stock as satisfaction of the corporate debt owed to the shareholder. These actions had the effect of transferring control of the nondebtor corporation to the other shareholder and diluting the value of the debtor's 50% shareholder interest. The court framed the issue in *Calvert* as "whether the intangible rights and obligations of stock ownership, which are property of a debtor's estate, are sufficiently broad to preclude a non-debtor corporation from taking actions which may have an effect on the value of that stock." *Id.* at 400. The court found that actions which merely implicated the debtor's stock ownership did not violate the automatic stay, "even though those actions [by the nondebtor corporation] may have an effect on the value of shares of stock held by the estate…." *Id.* at 402.

Here, the Bank is not taking an action against property of the estate. No action is directed at the Debtor's right to purchase the Property from Jun. The foreclosure on the Property is not an attempt to seize or control the Agreement. Even if the foreclosure has implications on, for example, the value of the Debtor's right the purchase the Property under the Agreement, these

SEYFARTH SHAW LLP
560 Mission Street, Suite 3100
San Francisco, California 94105



Case: 09-32053 Doc# 27-1 Filed: 09/18/09 Entered: 09/18/09 14:43:02 Page 14 of 18

implications are incidental and are not sufficient to trigger the automatic stay under the standards set forth in *Chugach Forest Products, Inc.* or *Calvert*.

**B. In the Alternative, Relief From Stay Should Be Granted for Cause**

The Bank believes that stay is not implicated by its proposed foreclosure on the Telegraph Property, but out of an abundance of caution, seeks relief from the stay if relief is required. If the Court is inclined to find that the scope of the automatic stay extends to include some aspect of the Debtor's or the estate's potential interest in or to the Property, relief from stay should be granted for cause.

Bankruptcy Code section 362(d) provides that the Court must grant relief from the automatic stay imposed by Bankruptcy Code section 362(a), if any one of the four conditions stated in subsections 362(d)(1) through (4) is satisfied. The relevant parts of section 362(d) state:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay –
>
> (1) For cause, including the lack of adequate protection of an interest in property of such party in interest....

11 U.S.C. § 362(d)(1)(2009).

Here, substantial cause exists to grant relief from the stay, and the Debtor or the Trustee cannot meet its burden of proof to support keeping the stay in effect. The Debtor's estate, as demonstrated by the Debtor's bankruptcy filings, has no money to perform the Agreement. It is beyond doubt that the Agreement cannot be assumed and performed. The Trustee has not sought or attempted to assume the Agreement, either. In addition, all sums secured by the Property are immediately due and payable because Jun conveyed title without the Bank's prior written consent, and the borrowers have long defaulted on their obligations secured by the Property. However, it is obvious that the Trustee cannot cure the default nor does she intend to do so. Therefore, the Court should grant the Bank's Motion and grant relief from stay for cause. Also, for the reasons discussed below, the Court should waive the ten-day stay provided in Bankruptcy Rule 4001(a).

SEYFARTH SHAW LLP
560 Mission Street, Suite 3100
San Francisco, California 94105



Case: 09-32053 Doc# 27-1 Filed: 09/18/09 Entered: 09/18/09 14:43:02 Page 15 of 18

### 1. The Estate's Inability to Assume and Perform the Agreement Constitutes Cause to Grant the Bank Relief the Automatic Stay

Although the Bankruptcy Code does not define "cause," courts have recognized that "cause" under section 362(d)(1) must be determined on a case-by-case basis. *See In re Mazzeo*, 167 F.3d 139, 142 (2nd Cir. 1999); *Baldino v. Wilson*, 116 F.3d 87, 90 (3d Cir. 1997)(citing *Trident Assocs. V. Metropolitan Life Ins. Co.*, 52 F.3d 127 (6th Cir. 1995); *In re Mac Donald*, 755 F.2d 715, 717 (9th Cir. 1985). After the moving party makes an initial showing of cause, the Debtor bears the ultimate burden of proof to show that cause does not exist to vacate the stay. *In re Gauvin*, 24 B.R. 578, 580 (B.A.P. 9th Cir. 1982); 11 U.S.C. §362(g)(2); *see, e.g., In re Sonnax Indus.*, 907 F.2d 1280, 1285 (2d Cir. 1990).

Here, the Trustee has not sought to assume the Agreement. But even if the Trustee intended to do so, her inability to assume the executory contract constitutes sufficient cause to grant relief from the stay. California bankruptcy courts have long held that the debtor's (or trustee's) inability to assume a real or personal property contract is cause for lifting the stay. *See, e.g., In re Acorn Investments*, 8 B.R. 506, 509-10 (Bankr. S.D. Cal. 1981); *In re the Leisure Corp.*, 234 B.R. 916 (B.A.P. 9th Cir. 1999). In *Acorn Investments*, the debtor leased space in a shopping center but became unable to pay the monthly rent. The landlord filed an unlawful detainer action and obtained a default judgment against the debtor. The debtor then filed for bankruptcy, and the landlord moved for relief from stay to enforce the pre-petition judgment and take possession of the premises. The landlord argued that the debtor's lease was not subject to assumption under Section 365 of the Bankruptcy Code, and the fact that there was no possibility of rehabilitating the lease constituted sufficient cause for lifting the stay. The court agreed with the landlord, and held that the "inability to assume [a contract] [constitutes] adequate 'cause,' under Section 362(d)(1), to warrant a lifting of the stay," because "there is no controlling reason to keep the stay in effect…, as to do so would only frustrate [the landlord]'s legitimate aim of recovering its property from a debtor who now occupies the premises without any legal or equitable right to do so." *In re Acorn Investments*, 8 B.R. at 510.

SEYFARTH SHAW LLP
560 Mission Street, Suite 3100
San Francisco, California 94105



Case: 09-32053 Doc# 27-1 Filed: 09/18/09 Entered: 09/18/09 14:43:02 Page 16 of 18

Here, the Debtor's estate has no legal or equitable interest or right in or to the Property. The only right or interest of the estate is the right to purchase the Property under the Agreement, which had not been materialized for over two years at the time of the commencement of this case, and which the Trustee does not intend, and is simply unable, to exercise. To keep the stay in effect would serve no other purpose than to frustrate the Bank's legitimate aim of exercising its non-bankruptcy rights and remedies. Cause, therefore, exists to grant relief from stay, if relief is required. The Debtor or the Trustee cannot demonstrate the absence of cause to support denial of this Motion.

**C. The Court Should Waive the Ten-Day Stay Provided in Bankruptcy Rule 4001(a)(3)**

Federal Rule of Bankruptcy Procedure 4001(a)(3) provides:

> An order granting a motion for relief from an automatic stay made in accordance with Rule 4001(a)(1) is stayed until the expiration of ten days after the entry of the order, unless the court orders otherwise.

Fed. R Bank. P. 4001(a)(3)(2009). Rule 4001(a)(3) was added to the Federal Rules of Bankruptcy Procedure in 1999 "to provide sufficient time for a party to request a stay pending appeal of an order granting relief from an automatic stay before the order is enforced or implemented." Advisory Comm. Note to 1999 Amendment to Fed. R. Bankr. P., ¶ 1. "The court may, in its discretion, order that Rule 4001(a)(3) is not applicable so that the prevailing party may immediately enforce and implement the order granting relief from the automatic stay." *Id.* at ¶ 3.

With respect to the Property, the Bank requests that the Court order that the ten (10) day stay is not applicable here because, among other reasons, the Debtor has no legal or equitable interest in the Property whatsoever, and the automatic stay does not apply to this case. Even if the Court orders relief from the stay in accordance with Rule 4001(a)(1), there is no principled basis to hold the Bank at bay. The Debtor or the Trustee does not and cannot dispute the fact that the estate has no interest or means to acquire interest in the Property. There is no reasonable basis upon which the Debtor or the Trustee would appeal an order granting relief from the stay.

SEYFARTH SHAW LLP
560 Mission Street, Suite 3100
San Francisco, California 94105



Case: 09-32053 Doc# 27-1 Filed: 09/18/09 Entered: 09/18/09 14:43:02 Page 17 of 18

## V. CONCLUSION

For all these reasons, Wachovia SBA Lending, Inc. respectfully requests that the Court issue an order determining that the automatic stay does not apply to the Bank's non-judicial foreclosure on the Telegraph Property, or alternatively, if the automatic stay does apply in any respect, granting relief from stay pursuant to 11 U.S.C. § 362(d)(1).

DATED: September 18, 2009

SEYFARTH SHAW LLP

By *___/s/ Claire E. Shin___*

Attorneys for Movant
WACHOVIA SBA LENDING, INC.

SEYFARTH SHAW LLP
560 Mission Street, Suite 3100
San Francisco, California 94105



Case: 09-32053 Doc# 27-1 Filed: 09/18/09 Entered: 09/18/09 14:43:02 Page 18 of 18