SEYFARTH SHAW LLP
David M. Wiseblood (SBN 115312)
Email: dwiseblood@seyfarth.com
Claire E. Shin (SBN 249492)
Email: cshin@seyfarth.com
560 Mission Street, Suite 3100
San Francisco, California 94105
Telephone: (415) 397-2823
Facsimile: (415) 397-8549

Attorneys for Movant
WACHOVIA SBA LENDING, INC.

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>GEORGE F. HAUSER dba HAUSER ARCHITECTS,<br><br>    Debtor. | Case No. 09-32053<br><br>Chapter 7<br><br>**DECLARATION OF JAMES COSTELLO IN SUPPORT OF WACHOVIA'S MOTION (1) FOR DETERMINATION THAT THE AUTOMATIC STAY DOES NOT APPLY; OR IN THE ALTERNATIVE (2) FOR RELIEF FROM STAY**<br><br>Date: October 5, 2009<br>Time: 1:00 p.m.<br>Place: Courtroom 23<br>       235 Pine Street, 19th Floor<br>       San Francisco, CA 94104<br><br>*[The Honorable Thomas E. Carlson]* |

    I, James Costello, declare:

    1.    I am employed by the movant, Wachovia Small Business Capital, now part of Wells Fargo Bank (the "Bank"), as AVP Sr. Special Assets Manager. I submit this Declaration in support of the Bank's Motion (1) For Determination that the Automatic Stay Does Not Apply;

or in the Alternative, (2) For Relief from Stay (the "Motion"). I have personal knowledge of the following facts and could and would testify competently to them if called as a witness.

### Qualifications of the Declarant

2. I am one of the custodians of the books, records, files and credit records of the Bank relating to the Bank's loan and real property collateral described below. I personally have worked on those books, records, files and credit records, and, as to the following facts, I know them to be true of my own knowledge, or have gained knowledge of them from the business records of the Bank, records that are maintained in the ordinary course of its business in a contemporaneous fashion by persons with a business duty to the Bank to accurately record such data. The basis of my personal knowledge is that at all times relevant to this Declaration, I was, and am, one of the persons at the Bank who was, and is, in charge of the administration of the underlying loan, extension of credit and property collateralizing the loan in this case. I could and would testify competently to those facts if called as a witness, since those facts are personally known to me to be true.

3. The records of the Bank are kept in the regular course of its business, and those records are carefully prepared to reflect all of the acts, conditions and events at or near the time that those acts, conditions and events occur. Based upon my personal knowledge and experience with the Bank, I know that those records are accurate and trustworthy.

### The Bank's Security Interest in the Property

4. On December 3, 2003, the Bank made a small-business loan in the amount of $2 million (the "Loan") to two individuals named Daniel S. Jun ("Jun") and Young O. Kim ("Kim") and their business partnership Global Entertainment GP. In consideration of the Loan, Jun and Kim made, executed and delivered to the Bank their promissory note in the original principal amount of $2 million ("Note"). A true and correct copy of the Note is attached hereto as Exhibit A. On the same date, Jun and Kim used the Loan proceeds to purchase certain commercial real property located in Oakland, California, commonly known as 5132 Telegraph Avenue, Oakland, California 94609 (the "Telegraph Property" or the "Property"). To secure their obligations under

the Note, Jun and Kim made, executed and delivered to the Bank a deed of trust on the Property (the "Deed of Trust"). A true and correct copy of the Deed of Trust is attached hereto as Exhibit B. The Note and the Deed of Trust were duly recorded with the Alameda County Recorder's Office on December 12, 2003.

**The Borrowers' Defaults and Proposed Non-Judicial Foreclosure on the Property**

5. Beginning in December of 2008, Jun and Kim failed to make the required monthly mortgage payments under the Loan, which caused the Bank to send them a notice of default on March 23, 2009 (recorded March 24, 2009). A true and correct copy of the notice of default sent to Jun and Kim on March 23, 2009 and recorded on March 24, 2009 is attached hereto as Exhibit C. Jun and Kim failed to cure their defaults, and to this date, continue to fail to make any payments on the Loan. Currently, their obligations under the Loan exceed $1.8 million. A true and correct copy of the borrowers' account report as of September 11, 2009 is attached hereto as Exhibit D. Due to Jun and Kim's continued, uncured defaults under their Loan, the Bank was planning to commence a non-judicial foreclosure on the Property in or about July of 2009.

6. The Property is encumbered by various junior lien-holders' and government's liens, including the lien of defaulted taxes for the fiscal year 2007-2008 and subsequent delinquencies and a lien in favor of the State of California, Department of Employment. A true and correct copy of the Fist American Title Insurance Company's guarantee, titled Trustee's Sale Guarantee, reflecting this information is attached hereto as Exhibit E.

**The Debtor's Unperformed Purchase Agreement with Jun**

7. On September 30, 2005, Kim conveyed her interest in the Property to Jun, and Jun thereafter became the sole owner of the Property. A true and correct copy of the Property Profile report provided to the Bank by Fidelity National Title on June 16, 2009 reflecting this information is attached hereto as Exhibit F.

8. On May 24, 2007, I spoke with Mr. Jun over the telephone regarding the status of the Loan and the Property. Mr. Jun informed me that he had some sort of an agreement with a

third party developer, who later turned out to be the debtor in this bankruptcy case George F. Hauser (the "Debtor"), to tear down the Property and build a condominium complex there. He represented to me that this plan was subject to the city's permission and approval, and the Bank would be paid in full if the deal closed. He provided me with some escrow account information. Mr. Jun, however, did not provide me with any further details or any relevant documents regarding this matter.

9. The Bank later learned that Mr. Jun and the Debtor memorialized their agreement on August 31, 2007, and recorded their Memorandum of Agreement (the "Agreement") on September 21, 2007. The Agreement provided that, in essence, Mr. Jun agreed to sell the Property to the Debtor, and the Debtor agreed to purchase the Property from Mr. Jun. A true and correct copy of the Agreement is attached hereto as Exhibit G. Mr. Jun, however, has not informed me or anyone else acting on behalf of the Bank that he received any consideration from the Debtor under this Agreement. To the best of my knowledge, the Debtor has not paid any consideration, or made any payments toward the purchase of the Property. Mr. Jun has not conveyed any title or granted any interest in and to the Property to the Debtor, either. Therefore, as the Property Profile attached hereto as Exhibit F shows, the Debtor currently does not own any part of the Property, or hold any legal or equitable title or interest whatsoever in or to the Property.

**Jun's Conveyance of Title to the Property to Nondebtor Entities**

10. On December 12, 2008, for some unexplained reason, Mr. Jun conveyed a 60% fee interest in and to the Property to three California limited liability companies: 5132 Telegraph LLC, 60 Rausch LLC, and Reichert Telegraph LLC (the "Nondebtor Entities"). A true and correct copy of the grant deed is attached hereto as Exhibit H. As a result of the conveyance, Jun currently holds title to an undivided 40% interest in the Property, and the Nondebtor Entities jointly hold title to 60% interest in the Property. However, the Bank did not consent to this transfer or conveyance of title. In fact, the Bank did not know about this conveyance. Mr. Jun never informed me or anyone else acting on behalf of the Bank about this transfer or conveyance

DECLARATION OF J. COSTELLO    4
SF1 28368915.1 / 99999-000170

Case 09-32053    Doc# 27-2    Filed: 09/18/09    Entered: 09/18/09 14:43:02    Page 4 of 6

of title. The Deed of Trust provides that the Bank may declare immediately due and payable all sums secured by the Deed of Trust upon the sale or transfer, without the Bank's prior written consent, of all or any part of the Property, or any interest in the Property. This transfer triggered another event of default under the Loan.

### The Bank Holds No Claim Against the Debtor

11. The Bank has never been engaged in any transaction with the Debtor under which the Debtor would or may be liable to the Bank for any part of the indebtedness secured by the Property. As such, the Bank holds no claim against the Debtor. The only occasion on which the Bank had a direct contact with the Debtor was some time during March and June of 2009, when the Debtor contacted the Bank and requested a deferment of Mr. Jun and Ms. Kim's repayment on the Loan. He represented to the Bank that he wished to develop the Property and wanted to know if the Bank was willing to wait on the Loan repayments until he could gather up funds necessary for the project.

12. In or about late August of 2009, the Bank learned that the Debtor filed a Chapter 7 bankruptcy. Concerned that the automatic stay may be implicated with respect to the Bank's planned foreclosure sale on the Property by virtue of the Debtor's Agreement with Mr. Jun to purchase the Property, or the Debtor's interest in the Nondebtor Entities which in turn hold interest in the Property, the Bank filed this Motion.

//
//
//
//
//
//
//
//
//

### Prayer for Relief

13. On behalf of the Bank, I respectfully request that the Court issue an order determining that the automatic stay does not apply to the Bank's non-judicial foreclosure on the Telegraph Property, or alternatively, if the automatic stay does apply in any respect, granting relief from stay pursuant to 11 U.S.C. § 362(d)(1).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: September 17, 2009

*[signature]*
James Costello, Declarant.

SEYFARTH SHAW LLP
560 Mission Street, Suite 3100
San Francisco, California 94105

DECLARATION OF J. COSTELLO     6
SF1 28368915.1 / 99999-000170

Case: 09-32053   Doc# 27-2   Filed: 09/18/09   Entered: 09/18/09 14:43:02   Page 6 of 6